SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

May 11, 2022

Quentin T. Jones
SBI #358258
Unit E, D-53
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Natalie Woloshin, Esquire
Woloshin, Lynch & Associates, P.A.
3200 Concord Pike
Wilmington, DE 19803

Patrick J. Collins, Esquire
Collins & Associates
8 East 13th Street
Wilmington, DE 19801

Re: <em>State of Delaware v. Quentin Jones</em><br>
Def. ID No. 1502002252<br>
Motion for Postconviction Relief (R-1)<br>
Motion for Appointment of Postconviction Counsel

Dear Mr. Jones and Counsel:

1

Quentin T. Jones ("Jones" or "Movant") was initially indicted on two counts of Rape in the First Degree and one count of Unlawful Sexual Contact in the First Degree. A trial on those charges was held in this Court. The jury found Movant guilty, and he received life imprisonment sentences for both Rape First Degree charges.

Subsequently I granted Movant's Rule 61 Motion and vacated his conviction because the State failed to disclose the nature of a witness's bargain for a reduced sentence in exchange for his testimony against Movant.

The State offered Movant the opportunity to plead *nolo contendere* to two charges of Rape in the Fourth Degree, with the understanding that his probation (on another case) would be violated and a *nolle prosequi* would be entered on the Unlawful Sexual Contact charge. The State agreed to recommend a sentence of 15 years at Level V, suspended after five years, followed by periods of Level IV and Level III probation as to one of the Rape Fourth Degree charges, and 15 years at Level V suspended for Level III as to the other. It also recommended that Movant be discharged unimproved on the Violation of Probation. Imposition of these recommended sentences by the Court would have resulted in Movant's release for time served.

Movant's attorney urged him to accept the State's offer, and he did so. The plea agreement was presented to me, and I accepted Movant's plea of *nolo contendere* to the two Rape Fourth Degree charges. After accepting the plea, however, I indicated my hesitancy to impose the recommended sentence. Defense counsel requested that sentencing be continued so that she could submit additional information for my consideration. I granted that request and sentencing was continued until a later date.

Defense counsel then filed a motion to withdraw Movant's guilty plea, which I denied. Movant's relationship with defense counsel deteriorated. Defense counsel filed a motion to withdraw as Movant's counsel, and Movant filed a motion to disqualify defense counsel. I granted both motions. Movant was assigned new counsel. His new counsel filed a second motion to withdraw his guilty plea, which I again denied. Sentencing was then scheduled, and on July 9, 2021, I imposed sentences requiring Movant to serve ten years of unsuspended Level V time followed by probation.

Movant appealed my denial of his second motion to withdraw the plea to the Delaware Supreme Court. On April 18, 2022, the Supreme Court denied the appeal and affirmed my judgment.

On May 2, 2022, Movant filed another Rule 61 Motion, in which he asserts three claims of ineffective assistance of counsel. These claims appear to be directed solely at his first defense counsel who recommended that he accept the plea agreement, and not at either his first defense counsel or his second defense counsel with respect to their respective motions to withdraw his *nolo contendere* plea. I paraphrase the three claims as follows: defense counsel misled Movant and induced him to accept the State's *nolo contendere* plea offer by (1) failing to advise him of the potential sentencing consequences under the plea agreement; (2) failing to advise him that the State's sentencing recommendations were not binding on me, and (3) coercing him to accept a plea agreement with respect to offenses that were not supported by "sufficient probable cause."

Putting aside Movant's curious choice of the latter legal standard, all three claims boil down to one essential claim: defense counsel inadequately represented him with respect to his *nolo contendere* pleas, leading to my imposition of a higher sentence than the State recommended. Having failed to succeed on his two motions to withdraw his *nolo contendere* plea, he now recasts his claims as the ineffective representation by his defense counsel, which led to his *nolo contendere* plea, which in turn led to my sentence.

4

Movant's statements of his three grounds under Section 12 of his Rule 61 Motion are brief, conclusory, non- specific, and provide little factual support for his claims. This in and of itself could constitute a sufficient independent basis for my denial of the Rule 61 Motion.[1] This Court has held that "[a] movant [under Rule 61] must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal."'[2] In this case, "[i]t plainly appears from the motion that Defendant has not shown entitlement to relief. Defendant's motion is completely conclusory, and [he] has failed to support his claims with facts. For these reasons Defendant's motion warrants summary dismissal."[3] I make reasonable inferences to divine Movant's meaning, to discuss his contentions.

Before addressing the merits of the Motion, I first examine the four procedural bars of Superior Court Criminal Rule 61(i).[4] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] Under the Delaware

---

[1] "The Motion shall specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, *and shall set forth in summary form the facts supporting each of the grounds thus specified.*" Super. Ct. Crim. R. 6l(b)(2) (emphasis supplied).

[2] *State v. Johnson,* 2009 WL 638511, at *1 (Del. Super. Mar. 12, 2009), *affd,* 977 A.2d 898 (Del. 2009) (quoting *State v.Childress*, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000)).

[3] *Id*. at *2.

[4] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[5] *Bradley v. State*, 135 A.3d 748 (Del. 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, failure to raise claims that could have been raised, or former adjudication.[6]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[7] In this case, since Movant did not file a direct appeal with the Delaware Supreme Court, his conviction became final for purposes of Rule 61 thirty days after I imposed sentence.[8] I imposed sentence on Movant on July 9, 2021. Movant filed this Rule 61 Motion May 2, 2022. Therefore, this procedural bar does not apply.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[9] Although Movant filed an earlier Rule 61 after his jury trial conviction, I granted that Rule 61 Motion and vacated his conviction. A new proceeding commenced which resulted in his *nolo contendere*

---

6   Super. Ct. Crim. R. 61(i).
7   Super. Ct. Crim. R. 61(i)(1).
8   Super. Ct. Crim. R. 61(m)(1).
9   Super. Ct. Crim. R. 61(i)(2)

pleas, which are the basis for his claims of ineffective assistance of counsel in this new Rule 61 Motion. I will treat this Rule 61 Motion as his first, at least with respect to this aspect of the proceedings, and this procedural bar does not apply.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[10] This provision bars claims that were not raised in the proceedings unless Movant can establish cause for failing to timely raise the claim, and actual prejudice from failing to raise the claim.[11] However, Movant casts all three of his claims as ineffective assistance of counsel, rather than directly attacking his sentence or the *nolo contendere* plea itself. Under Delaware law, ineffective assistance of counsel claims may not be addressed by the Delaware Supreme Court on direct appeal. Rather, such collateral claims are properly raised for the first time in postconviction proceedings.[12] There is Delaware case law authority that this provision bars claims that could have been but were not raised below on direct appeal, *even when ineffective assistance of counsel is*

---

10 Super. Ct. Crim. R. 61(i)(3).

11 *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006) (citing *McCluskey v. State*, 782 A.2d 265 (Del. 2001)).

12 *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

*asserted*, unless Movant successfully demonstrates that counsel was in fact ineffective and that ineffectiveness prejudiced his rights.[13] Since the Rule 61 Motion asserts that Movant received ineffective assistance of counsel in connection with his *nolo contendere* plea agreement and the resulting sentence, it could be argued that he has "failed to demonstrate that his counsel acted unreasonably by failing to file a direct appeal if for no other reason than the fact that his sentence was within the statutory limits and therefore not 'illegal.'"[14] However, I will consider his Rule 61 Motion's claim of ineffective assistance of counsel notwithstanding this procedural bar.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, *in an appeal*, in a post-conviction proceeding, or in a federal habeas corpus hearing" (emphasis added) are barred.[15] Movant appealed my denial of his motion to withdraw his *nolo contendere* plea to the Delaware Supreme Court.[16] In that decision, the Court considered the five factors to be considered under Delaware law in deciding whether the withdrawal of

---

13 *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006) (citing *Gattis v. State*, 697 A.2d 1174 (Del. 1997)).
14 *Id*. (internal footnotes omitted).
15 Super. Ct. Crim. R. 61(i)(4).
16 If a motion to withdraw a plea of *nolo contendere* is made before sentence is imposed, the Superior Court may permit the plea to be withdrawn for any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61. Super. Ct. Crim. R. 32(d).

such a plea should be permitted.[17]   Those factors are: (1) the procedure of the colloquy; (2) whether the plea was intelligent, knowing, and voluntary; (3) whether the defendant had a basis to assert legal innocence; (4) *whether the defendant had adequate legal counsel throughout the proceedings;* and (5) whether the State would be prejudiced or the court would be unduly inconvenienced if the defendant were permitted to withdraw his guilty plea.[18]  These "are not factors to be balanced; indeed, some of the factors of themselves may justify relief."[19]   In his appeal to the Delaware Supreme Court, Movant rested his case on the second, third, and fourth factors.   The fourth factor is precisely what he argues again in this Rule 61 Motion: that he had inadequate legal counsel with respect to his *nolo contendere* plea.

As to that factor, the Supreme Court stated:

> Jones also argues that he lacked adequate legal counsel at the time of the plea process. When considering the adequacy of legal counsel, this Court's review is "subject to a strong presumption that counsel's conduct was professionally reasonable." This Court has established two elements for finding that an attorney was ineffective in this context. First, a defendant must demonstrate that "counsel's actions fell below an objective standard of reasonableness." Second, a defendant must demonstrate that "there exists a reasonable probability that, but for counsel's unprofessional errors, [the defendant] would have chosen to proceed to trial." Furthermore, this Court has explained that when a judge is acting in the role of a factfinder, the judge "is the sole judge of credibility and therefore, this Court will not disturb

---

17 S*carborough v. State*, 938 A.2d 644 (Del. 2007).
18 *McNeill v. State*, 2002 WL 31477132, at *1 (Del. Nov. 4, 2002) (ORDER).
19 *Scarborough v. State*, at 649.

conclusions of fact made by the Trial Judge when supported by competent evidence."

In order to demonstrate that his counsel was inadequate, Jones must rebut a presumption that defense counsel's actions were reasonable. Jones argues that defense counsel's "written promise" to him meant that he was not provided with effective counsel during the pleading stage. This claim is undermined, however, by Jones's acknowledgement during the plea colloquy that he could be sentenced to up to 15 years of Level V time on each Rape Fourth Degree charge. He also told the court that he was satisfied with his counsel's representation. Therefore, it was not an abuse of discretion for the Superior Court to decide that defense counsel's conduct was adequate and not unreasonable. (Citations omitted.)[20]

Given this clear and definitive ruling by the Delaware Supreme Court, albeit made in an appeal of my ruling denying Movant's withdrawal of his guilty plea rather than in a Rule 61 proceeding, this Rule 61 Motion is barred as formerly adjudicated.

Finally, the four procedural bars do not apply either to a claim that I lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[21] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[22]   None of these claims applies in this case.

---

20 *Jones v. State*, 2022 WL 1134744 (Table) (Del. Apr.18, 2022), at *4.
21 Super. Ct. Crim. R. 61(i)(5).
22 Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

During the plea colloquy, I carefully explained to Movant that, no matter what the terms of his plea agreement might be, I could give him a greater sentence.[23] Movant told me that he knew he could receive a greater sentence.[24] He also acknowledged that he had reviewed the Truth-in-Sentencing form with defense counsel and approved its contents.[25] This conversation with me should have alerted him to the inaccuracy of his belief that his sentence would definitely be time served. Movant has not provided clear and convincing evidence to rebut his testimony during the plea colloquy or his acceptance of the Truth-in-Sentencing form.

Given that the disposition of this Rule 61 Motion is procedurally barred, the record need not be further expanded (by an Affidavit of Trial Counsel or otherwise) nor is an evidentiary hearing required.[26] Summary dismissal is appropriate.[27] For the reasons set forth above, I find that the Motion for Postconviction Relief must be **DENIED**.

Movant also requests the appointment of postconviction counsel. Rule 61 provides that I ***shall*** appoint postconviction counsel for Movant for his first timely Rule 61 Motion if it seeks to set aside, *inter alia*, a judgment of conviction *after a*

---

23 Plea Colloquy at 10.
24 *Id.*
25 *Id.* at 14.
26 Super. Ct. Crim. R. 61(g)(5).
27 Super. Ct. Crim. R. 61(d)(5).

*trial* that has been affirmed by final order *upon direct appellate review* and is for a crime designated as a class A, B, or C felony under 11 *Del. C.* §4205(b).[28]  In this case, there was no trial affirmed by direct appellate review, notwithstanding the class of the felony. Thus, I am not obligated to appoint postconviction counsel for Movant.

Rule 61 further provides that I **may** appoint counsel for Movant for his first timely Rule 61 Motion if it seeks to set aside a judgment of conviction that resulted from a *nolo contendere* plea (as in this case) only if I determine that: (i) the conviction has been affirmed by final order upon direct appellate review; (ii) the Rule 61 Motion sets forth a substantial claim that Movant received ineffective assistance of his trial counsel in relation to his guilty plea; (iii) granting the Rule 61 Motion would result in vacatur of the judgment of conviction for which Movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of postconviction  counsel.[29] In this case, there was no direct appellate review, Movant's claims about the ineffective assistance of his trial counsel are insubstantial, and there are no other exceptional circumstances that warrant the appointment of postconviction counsel. Therefore, the Motion to Appoint Postconviction Counsel is **DENIED**.

---

[28] Super. Ct. Crim. R. 61(e)(2)(i).
[29] Super. Ct. Crim. R. 61(e)(3).

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary

13